Plympton agt. Bigelow.

---

## SUPREME COURT.

CHARLES T. PLYMPTON and GEORGE A. SAWYER agt. JOHN BIGELOW.

*Attachment — What interest in corporation may be levied upon — How and in what manner levied — Code of Civil Procedure, section 647.*

The rights or shares of stock in an association or corporation which section. 647 of the Code of Civil Procedure provides can be levied upon, are such rights or shares as are within the county or jurisdiction of the court; and a warrant of attachment served upon an officer of a foreign corporation at an office kept by it for the sale of goods in the city of New York, the sheriff giving the company notice that he attached a

Plympton agt. Bigelow.

non-resident defendant's shares of stock in the company, does not constitute a levy upon the property of the defendant when none of the defendant's shares of stock in the corporation are, or have been at any time, in the state of New York.

*Special Term, October*, 1882.

MOTION to set aside levy under an attachment.

*Bettens & Lillienthal* for plaintiffs.

*Sterne & Thompson* appearing specially for defendants.

HAIGHT, *J.* — It appears from the papers read upon this motion that the plaintiffs and defendant are all non-residents of this state; that the plaintiffs procured a warrant of attachment to be issued herein, and the sheriff has served the same upon an officer of the Hat Sweat Manufacturing Company, at an office kept by it for the sale of goods in the city of New York, the sheriff giving the company notice that he attached the defendant's shares of stock in the company, and required the secretary to furnish him with a certificate of the number of shares of stock held by the defendant. The Hat Sweat Manufacturing Company is a foreign corporation, organized under the laws of Pennsylvania, and having its principal office and manufactory in the city of Philadelphia, and keeps an office in the city of New York for the sale of its goods in that city. None of the defendant's shares of stock in the corporation are or have been at any time in the State of New York.

This action is brought upon seven promissory notes aggregating the sum of $18,014.47. It is for money demand; the service of the summons can only be made by publication or service without the state. Jurisdiction can only be acquired by the levying of an attachment upon the property of the defendant within the state (*Code, secs.* 1216, 1217, 635, 707). The question, therefore, presented by this motion is whether

Plympton agt. Bigelow.

or not the sheriff has levied upon the property of the defendant. The levy was made under section 647 of the Code, which reads as follows: "The rights or shares which the defendant has in the stock of an association or corporation, together with the interest and profits thereon, may be levied upon, and the sheriff's certificate of sale thereof entitles the purchaser to the same rights and privileges with respect thereto, which the defendant had when they were attached."

It is contended on the part of the defendant that this section has reference only to domestic associations and corporations; that the property levied upon must be within the jurisdiction of the court, and that the stock of a foreign corporation is not within the jurisdiction of the court unless the certificates issued by the corporation to the individual owning the stock are in fact within the state. Section 644 of the Code provides that the sheriff must execute the warrant, &c., by levying upon so much of the personal and real property of the defendant within his county as will satisfy the plaintiff's demand," &c. Section 646 provides that a warrant of attachment against a foreign corporation may be levied by the sheriff upon a sum unpaid upon the subscription to the capital stock of the corporation made by a person within the county, or upon one or more shares of stock therein held by such person or transferred by him for the purpose of avoiding the payment thereof. Section 648 provides that an attachment may be levied upon an execution arising upon a contract, including a bond, promissory note or other instrument for the payment of money only, &c., which belongs to the defendant and is found within the county. It will be observed from these various sections that in each instance where levy is made, it must be upon property within the county, &c. The various provisions of the Code must be considered together in construing any particular section thereof. The section under consideration, together with the sections referred to, are the ones providing the cases in which attachments may issue and levies be made thereon. In con-

Plympton agt. Bigelow.

sidering this section with those that precede and follow it, it appears to me that the evident intent of the legislature was that the rights or shares of stock in the association or corporation which it provided could be levied upon were such rights or shares as were within the county or jurisdiction of the court. The certificate of stock issued by the corporation to the defendant is not or has not been within the state; neither is the stock of the Hat Sweat Manufacturing Company within the state. It is a foreign corporation, doing business under another jurisdiction, subject to other laws and the judgments and decrees of other courts.

I have been unable to find any reported cases in this state precisely in point, but the tendency of the authorities is in accord with the construction here given (*Bates* agt. *New Orleans, J. and G. N. R. R.*, 4 *Abb. Pr.*, 72; *Willett* agt. *Equitable Ins. Co.*, 10 *id.*, 193; *Smith* agt. *American Coal Co.*, 7 *Lans.*, 317; *Drake on Attachments, secs.* 471, 474).

It is claimed on the part of the plaintiffs that the order to show cause granted herein does not specify any irregularity. I understand the motion to be based upon the merits and not upon an irregularity.

It is contended further that some of the moving affidavits were verified before a commissioner of the state, and that such verification is not, certified by the secretary of state, &c. The certificate of the secretary of state I understand to have been waived. If not waived, the plaintiffs should have objected to the reading of the affidavits upon the motion. Not having so objected, he must now be deemed to have waived the same.

Motion to discharge the levy should be granted, with ten dollars costs.