Anna M. Cushman, Respondent, v. Thayer Manufacturing Jewelry Company, Appellant.

The jurisdiction which courts of equity exercise over individuals extends equally to acts done, or omitted to be done, by corporations.

An equitable action will lie to compel a transfer upon its books by a manufacturing corporation, of shares of its capital stock, to the owner of the same.

Such an action is proper where a recovery of damages, for a refusal to transfer, will furnish an inadequate compensation.

P., plaintiff's husband, executed an assignment and power of attorney, indorsed upon a certificate of shares of defendant's stock, and delivered the same to plaintiff, without consideration. Subsequently P. executed, for a valuable consideration, an assignment of said stock to B., and caused the same to be transferred to B. upon defendant's books. By the terms of the certificate the stock was only transferrable upon the books on surrender of the certificate. B. knew of the assignment to plaintiff, and was a witness thereto; he was also an officer of the corporation. Plaintiff, after the transfer to B., presented the certificate to defendant and demanded a transfer upon its books, which defendant refused. *Held,* that the previous transfer was not a valid excuse for the refusal, as it was defendant's duty to resist any transfer without production and surrender of the certificate; that the fact that the assignment to plaintiff was without consideration, was immaterial, as the delivery of the certificate, with the assigment, as between plaintiff and P., passed the entire legal and equitable title to the stock.

The assignment and power of attorney upon the certificate were executed by P. in blank. Subsequently, the name of plaintiff was inserted as assignee, and the name of one T. was inserted as the attorney. *Held,* that it was not essential that the demand for a transfer should be made by T.

Also, *held,* that defendant was not entitled to a jury trial.

(Argued February 10, 1879; decided March 18, 1879.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 7 Daly, 330.)

This action was brought to compel plaintiff to transfer upon its books certain shares of stock to plaintiff, and to issue a new certificate for the same to her.

The original certificate of the stock was issued to Peter B. Cushman, plaintiff's husband; by its terms it was transferrable only upon the books of the company upon surrender of the certificate. On January 26, 1875, Cushman executed in blank the usual printed assignment and power of attorney upon the back of the certificate, to which one Beals was a witness, and delivered the same to plaintiff, who presented it to defendant, offered to surrender the certificate, and demanded a transfer of the same to her upon the company's books, and that a certificate be issued to her; this defendant refused. The demand, and refusal was admitted in the answer. The blanks in the assignment were filled before such presentation by inserting the name of plaintiff as assignee, and the name of one Thayer as attorney. Defendant set up as a defense, and proved, that after the assignment to plaintiff, Cushman executed an assignment of the stock to said Beals for a valuable consideration, and caused the same to be transferred to Beals upon defendant's books. Beals was one of defendant's officers.

Further facts appear in the opinion.

*Robert Sewell*, for appellant. There was no case for equitable relief set forth in the complaint. (*Atty. Genl.* v. *Utica Ins. Co.*, 2 J. Ch., 376; *King* v. *Whitwell*, 5 T. R., 85; 2 Kent's Com. [12th ed.], 314; Const., art. 1, § 2.) The motion to try by jury was improperly denied. (Const., art. 1, § 2.) As there was no damage shown the complaint should have been dismissed. (*McNeil* v. *Tenth Nat. Bk.*, 46 N. Y.. 325.) Plaintiff's remedy, if any, was an action for damages for allowing the stock to be transferred without the surrender of the certificate. (*Rex* v. *Bk. England*, Doug., 524; *Danforth* v. *Schoharie Co.*, 12 J. R., 227; *Helm* v. *Swiggett*, 12 Ind., 194; *Shipley* v. *Mech. Bk.*, 10 J. R., 484; *Gray* v. *Portland Bk.*, 3 Mass., 364; *Sargent* v. *Franklin Co.*, 8 Pick., 90; *Bates* v. *N. Y. Co.*, 6 Hill, 243; *Com. Bk.* v. *Kortwright*, 22 Wend., 348; *Pollock* v. *Nat. Bk.*, 7 N. Y., 274; *Smith* v. *Coal Co.*, 7

Lans., 317; *Stebbins* v. *P. Ins. Co.*, 3 Paige, 350; Angel & Ames on Corp., 352; *New Haven R. R.*, 34 N. Y., 30; *Bk. of U.* v. *Smalley*, 2 Conn., 770; *Gilbert* v. *Man. I. Man. Co.*, 11 Wend., 627.)  Plaintiff having failed to comply with the requisites necessary to vest a cause of action in her could not maintain this action. (*Mech. Bk.* v. *Mariposa Co.*, 3 Robt., 395; *Costigan* v. *Mohawk R. R.*, 2 Den., 609.) Plaintiff is estopped by her own acts. (*Dunn* v. *Coml. Bk.*, 11 Barb., 580; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 80–81; *Weaver* v. *Burden*, 49 id., 295.)

*Richard C. Elliott*, for respondent.  The application for a jury trial was properly denied. (Old Code, §§ 253, 254.) Plaintiff had a right to maintain this action. (*Bk. of Attica* v. *Mfrs. and Trs. Bk.*, 20 N. Y., 501; *Purchase* v. *N. Y. Ex. Bk.*, 3 Robt., 164; *Middlebrook* v. *Mer. Bk.*, 41 Barb., 481, 484, 489; 3 Keyes, 135; *White* v. *Schuyler*, 1 Abb. Pr. [N. S.], 301; *Buckmaster* v. *Consumers' Ice Co.*, 5 Daly, 313; *Pollock* v. *Nat. Bk.*, 7 N. Y., 274; *Com'c'l Bk.* v. *Kortright*, 22 Wend., 360; *Leavitt* v. *Fisher*, 4 Duer, 1; A. & A. on Corp. [10th ed.], 572, § 565; *Crary* v. *Smith*, 2 N. Y., 60, 62; *Schroeppel* v. *Hopper*, 40 Barb., 425; *Parkhurst* v. *Van Courtland*, 14 J. R., 425.)

MILLER, J.  The right of the plaintiff to maintain this action depends upon the question whether an equitable action will lie to compel a transfer of stock by a corporation to the owner of the same, or the plaintiff must seek a remedy by an action at law for damages.  The latter action is frequently of no avail, and does not always afford complete and full redress.  It is easy to see that a party may have become the owner or purchaser of stock in a corporation, which he desires to hold as a permanent investment, which may be at the time of but little value, in fact without any market value whatever, and its real worth may consist in the prospective rise which the owner has reason to anticipate will follow from facts within his knowledge.  To say that the

holder shall not be entitled to the stock, because the corporation, without any just reason, refuses to transfer it, and that he shall be left to pursue the remedy of an action for damages, in which he can recover only a nominal amount, would establish a rule which must work great injustice in many cases, and confer a power on corporate bodies which has no sanction in the law. A court of equity will enforce a specific performance on a contract for the sale of real estate, and compel the execution of a deed by the vendor to the vendee, although an action at law may be brought to recover damages for the breach of the contract. Such a case bears a striking analogy to the one now presented, and the same principle is manifestly applicable where the remedy at law is inadequate to furnish the proper relief.

That an equitable action will lie, in such a case, has been distinctly recognized in a number of the adjudicated cases in this State. In *Middlebrook* v. *The Merchants Bank*, (41 Barb., 481 ; 27 How., 474,) the action was brought to compel the bank to allow the transfer of certain shares of bank stock to the plaintiff. A decree was made directing the transfer, and upon appeal to the Court of Appeals, the judgment of the Supreme Court was affirmed. (3 Abb. App. Dec., 295.) No question was raised in either of the courts as to the right to maintain the action ; and it is said, in the opinion of the Court of Appeals : " His " (the plaintiff's) "right was perfect and his demand wrongfully refused." As no point was made that the action did not lie, it is fair to assume that it was conceded that it could be maintained. In *The Com. Bk. of Buffalo* v. *Kortright* (22 Wend., 348), it was held that an action of assumpsit lies against a corporation for damages for refusing to permit a transfer of stock on its books. The chancellor, who dissented from a majority of the court, in his opinion says that the plaintiff might still file a bill to have a sale of the pledge and to compel the bank to allow a transfer of the stock to the purchaser. The decision of the case did not turn on the question now considered ; and hence, the point

was not decided, and the remarks of the chancellor are only entitled to weight as the opinion of a judge learned and distinguished in this department of the law.    In *Pollock* v. *The National Bank* (3 Seld., 274), it was held that a bank which has permitted a transfer of stock owned by a stockholder, upon a forged power of attorney, and has canceled the original certificates, may be compelled to issue new certificates ; and if it has no shares which it can so issue, to pay the value thereof.    If, in such a case, new certificates may be decreed to be issued, surely it should be done where the right of the owner is entirely clear.    The action was of an equitable character, and the principle decided recognizes the right to compel a transfer of stock by the bank.    In *Purchase* v. *N. Y. Ex. Bk.* (3 Robt., 164), it was held that after an assignment of bank stock, the bank, upon the application of the *owner*, is bound to allow the transfer to be made on its books, and to issue a new certificate, unless restrained by the order of a court of competent jurisdiction.    In *White* v. *Schuyler* (1 Abb. [N. S.], 300), it was held that specific performance of an agreement to transfer stock may be decreed, where the contract to convey is clear, and the uncertain value of the stock renders it difficult to do justice by an award of damages.    The specific objection that the party had a remedy at law was not taken, although the point was in the case.    The question was considered in the opinion by HOGEBOOM, J., and numerous authorities are cited to sustain the principle laid down.    The same rule is held in the case of *Buckmaster* v. *The Consumers' Ice Co.* (5 Daly, 313). These cases show a recognition of the principle that a court of equity will interfere when the remedy is defective at law, if such an interference be not against equity and good conscience.    See *Seymour* v. *Delancy* (6 Johns. Ch., 222; 3 Cow., 445).

While the general rule is for courts of equity not to entertain jurisdiction for a specific performance on the sale of stock, this rule is limited to cases where a compensation in damages would furnish a complete and satisfactory remedy.

(*Phillips* v. *Berger*, 2 Barb., 608; Story Eq. Jur., § 717.) Judge STORY, in section 717, states, as the reason why a contract for stock is not specifically decreed, that "it is ordinarily capable of such an exact compensation." He further says : "But cases of a peculiar stock may easily be supposed, where courts of equity might still feel themselves bound to decree a specific performance, upon the ground that, from its nature, it has a peculiar value, and is incapable of compensation by damages." He also says, in regard to the general rule as to jurisdiction, in section 718: "The rule is a qualified one, and subject to exceptions ; or, rather, the rule is limited to cases where a compensation in damages furnishes a complete and satisfactory remedy." The case considered comes directly within the exception stated. A recovery of damages would furnish inadequate compensation ; the remedy by mandamus cannot be invoked as the authorities hold, and there can be no question that, in a case of this kind, a court of equity alone can grant the proper relief.

It is insisted that when the plaintiff demanded a transfer on the books of the company the stock had already been transferred to another person, who had paid a money consideration to the plaintiff's husband, from whom she claimed, and the remedy, if any, was by an action for damages. We think that the transfer alleged, under the circumstances, was not a valid one as against the plaintiff, and furnishes no sufficient answer to the plaintiff's claim, if, as we have seen, she had a right to maintain an action in equity to compel a transfer of the stock to her. Her right was paramount to that which the defendant seeks to interpose as a defense. The stock had previously, and on the 19th of January, 1875, been transferred to her by an assignment indorsed on the back of the certificate, and on the same day a power of attorney had been executed by the owner to her, which authorized the plaintiff to act for him and in his behalf. That the transfer was made without a moneyed consideration can make no difference, as it was otherwise valid. The assignments to Beals, which, it is claimed, are entitled to priority, bore date

sometime after the transfer to the plaintiff. As they were subsequent to such transfer, and as by the certificate the stock was only transferrable upon the books of the company upon a surrender of the same, no title could pass, unless the transfer was thus made. The delivery of the certificate, as between the owner and assignee, with the assignment and power indorsed, passes the entire legal and equitable title in the stock, subject only to such liens or claims as the corporation may have upon it: (*McNiel* v. *The Tenth National Bank*, 46 N. Y., 331; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 id., 30, 80). Any act suffered by the corporation that invested a third party with the ownership of the shares, without due production and surrender of the certificate, rendered it liable to the owner; and it was its duty to resist any transfer on the books without such production and surrender. (*Smith* v. *The American Coal Co. of Alleghany Co.*, 7 Lans., 317; see also *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 83.) Beals was a witness to the original assignment to the plaintiff, was an officer of the company, and took the transfer to himself with full knowledge of plaintiff's claim, for a very trifling consideration, and in fraud of plaintiff's rights as the owner of the stock. In view of the facts, Beals has no reason for questioning the plaintiff's title; and the defendant certainly has no valid grounds for claiming that Beals was the owner instead of the plaintiff.

That no demand of the stock was made by Thayer, who was named in the assignment and authorized to make the transfer on the books of the company, was not important. If he was unwilling or neglected to do so, it would not deprive the plaintiff of her right, as the owner of the stock, to a transfer of the same. But the demand and refusal was admitted by the answer; and when the plaintiff rested, it was stated that the demand and refusal was admitted by the pleadings, and no claim made to the contrary, or exception taken to such statement.

There was no error in the fourth finding of fact, which was to the effect that Cushman transferred the certificate of

stock for a good consideration; and there was sufficient evidence to sustain such finding. That money was not paid, and that it was a gift to the plaintiff does not impair or affect the validity of the assignment of the same. For similar reasons, the fourth and fifth requests to find were properly refused. The subsequent power of attorney and transfer to Beals, without the certificate, could not affect or impair the validity of the previous assignment to the plaintiff; and, as we have already seen, Beals acquired no right under the same.

As the case is presented, there are no facts to authorize the conclusion that the transfer to the plaintiff was revoked by the assignment and power of attorney subsequently executed to Beals; and he acquired no title thereby. The acts of Cushman, in attempting to transfer stock to which he had no title, and of Beals, in accepting the same with full knowledge of that fact, could not affect the plaintiff's ownership in any form; and any transfer on the books of the company would be utterly unavailable in conferring any title upon Beals. The assignment was absolute to the plaintiff; and Cushman had reserved no right to make any other or different disposition of the stock, and was without any authority to do so. Beals was fully acquainted with the facts; and in accepting a transfer, and claiming under the same, he acquired no title whatever.

The objection that Beals was not a party was not taken upon the trial. It was so stated, and a request made by the counsel for the respective parties that the action proceed without making him a party. There was a clear waiver of the point and it is not presented in the appeal book. The motion made for a jury trial was also properly refused. The action was of an equitable nature; and hence, the right to a trial by jury did not exist, as a matter of course. The suggestion that the plaintiff cannot recover, because the assignment of the certificate was in blank, and that another name was inserted as attorney to make the transfer, does not appear to have been made upon the trial. Nor is

there any finding, or request to find, which presents the point upon this appeal; and therefore the question does not now arise. The position of the defendant's counsel that the Court of Chancery has no jurisdiction over matters respecting corporations, in cases of this kind, because no trust exists, is without force. The authorities, to which reference has been had, we think fully establish that no such rule should obtain when the right to a transfer of stock can be upheld on equitable grounds. The jurisdiction which courts of equity exercise over individuals extends equally to acts done, or omitted to be done, by private or municipal corporations: (Willard's Eq. Jur., 397.) And the power to compel a transfer of specific property is a salutary one, and should be exercised where such relief alone will work a complete and ample remedy. We have most carefully considered the various grounds urged by the defendant's counsel, and are unable to find any error which will authorize a reversal of the judgment.

It must therefore be affirmed.

All concur.

Judgment affirmed.