SAMUEL L. M. BARLOW AND OTHERS, RESPONDENTS, *v.* MARIA J. MYERS, APPELLANT, IMPLEADED, ETC.

*Promissory note indorsed in blank — who may sue thereon — when the title thereto vests in a residuary legatee on the death of the testator.*

Where a promissory note indorsed in blank by a testator, and deposited in a bank for collection, comes after his death into the possession of his executor, the executor may maintain an action thereon in his own name, or may rely upon it as a defense by way of set-off to an action brought against him in his individual capacity to enforce a claim for which he is individually liable.

When a testator gives and bequeaths all the rest and residue of his estate, both real and personal, of every name and nature, remaining after his debts have been paid, to his wife, who is also appointed executrix, for her own use and benefit, to be disposed of as she may desire or deem just, the title to a promissory note indorsed by him in blank and deposited in a bank for collection, passes at once to his widow, individually, her title thereto being derived from the provisions made for her in the will, and not from the fact that letters testamentary were subsequently issued to her thereon.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

*Daniel Pratt*, for the appellant.

*Joseph Larocque*, for the respondents.

Daniels, J.:

The plaintiffs are the holders and owners of three promissory notes made by the firm of Randall & Williams, to the order of Nathan Randall, and indorsed by him to them. They were given for borrowed money and were respectively for the sum of $1,000, $500, and $2,400. They were held and owned by him on the 3d day of April, 1871. On that day the firm making the notes entered into an agreement with the defendant, who at that time was the executrix of the estate of her deceased husband, Austin Myers.

The firm had become indebted to the testator in his lifetime, and apparently for the purpose of obtaining satisfaction of her claim, she entered into the agreement with the firm for the purchase by her as executrix of their property, and as a part of the consideration for such purchase she agreed, as executrix, to pay all the company debts of the firm then outstanding and not exceeding the sum of $22,000. To the extent to which the firm was indebted upon these notes to Nathan Randall, this clause in the agreement inured to his benefit and rendered her liable to him for the payment of the amount of these notes, for the reason that they, together with the other indebtedness of the firm, did not exceed the specified limit of $22,000.

After one of these notes matured, but before the other two became due, they were all transferred by Nathan Randall to the plaintiffs in this action, who received them for a valuable consideration and in good faith. By this transfer, as the defendant under her agreement had assumed the payment of the notes, so much of her covenant as included them was assigned and transferred to the plaintiffs. Under the title so derived by them they commenced this action against the defendant for the recovery of their debts, after the notes by their terms had all become due, and it has been held, inasmuch as it is not within the ordinary scope of the authority of an executor to enter into such an agreement on behalf of the estate as was made in this instance, that the defendant became personally liable upon it, although such was evidently not her intention at the time when it was made. It was entered into upon a different supposition as to her legal rights, but as she was mistaken upon this subject, she became personally bound for the performance of her covenant instead of being held, as she intended to be, simply as

executrix. (Story on Bills of Exch., etc. [3d ed.], § 74; *Hills* v. *Banister*, 8 Cow., 32; Byles on Bills [3d ed.], marginal paging 43.)

If the theory on which the agreement was entered into by her could have been sustained, then she would have had an unquestionable defense by way of offset to the claim made upon it by the plaintiffs. For her husband at the time of his decease was the owner and holder of a promissory note made by Nathan Randall, and payable to the testator's order in ninety days after the 18th day of November, 1878, for the sum of $5,000 with interest, and the amount due upon it at the time of the trial was shown to be $8,644.86. But as she was personally liable upon the covenant made for the payment of the debts of the firm of Randall & Williams, it was held by the learned referee that this note could not be allowed as a set-off in her favor against the demand which had arisen under her covenant in favor of the plaintiffs.

If this note had been held by her in her own right, then the referee was of the opinion that the set-off should be allowed, but he held that she owned it simply as the executrix of her husband's estate, and for that reason rejected the defense in her favor made upon it. Whether he was right in the conclusion he arrived at upon this subject is the only point to be considered in the disposition of the present appeal.

As the plaintiffs acquired their rights to collect the amount of the indebtedness owned by them from her, substantially as the assignee of Nathan Randall, it was subject to all the defenses existing in her favor against him at the time of the transfer.

This was the view which was taken of this point by the Court of Appeals when another action between these parties was before it for decision. (*Barlow* v. *Myers*, 64 N. Y., 41–46.) The facts then presented in favor of the plaintiff were practically the same as they now appear, but the note had been rejected as evidence upon the trial. That was held to be improper for the reason that it was a lawful subject of set-off if the defendant held it in her own right, and such is substantially the terms of the statute existing upon this subject, for it provides that the defendant may set-off demands which he has against the plaintiff if the action be founded upon a contract other than a note or bill, etc., which has been assigned. In that event a debt due to the defendant being the proper subject of set-off in his

own right, either as the original payee or the assignee or owner of it at the time of the assignment of the cause of action, may be used as a set-off for the purpose of defeating a recovery by the plaintiff. (3 R. S. [5th ed.], 634, 635, § 12, sub. 2, 8.) The note held by the testator against Nathan Randall was indorsed by him in blank and deposited in a bank for the purpose of being collected, and after his decease it passed into the possession of the plaintiff in that condition.

If an action had been brought upon it by her against the maker, she would not have been obliged to prosecute it as executrix, for as the note was negotiable and had been indorsed in blank it passed immediately to her by virtue of the testator's will and its own delivery, and the fact of her possession would have sufficiently proved her property in it. This point was considered in *Conroy* v. *Warren* (3 Johns. Cas., 259). It was there said by Kent, J., who delivered one of the opinions, that if a note be indorsed in blank the court never inquiries into the title of the plaintiff whether he sues in his own right, or as trustee ; any person in possession of the note may sue upon it, and may, in court if necessary, fill up the blank and make it payable to himself. (Id., 263.)

This statement of the law was in part placed upon the authority of *Cooper* v. *Kerr*, of which a note was made on page 606 of the same volume. (3 Johns. Cas.) There it was stated that a note negotiable and indorsed in blank, coming into the hands of an administrator as such, may be sued by him in his proper name as if it were indorsed to him individually, and the decision made in that case is stated to have been affirmed in the court of errors. (*Conroy* v. *Warren, supra.*)

The same principle is affirmed by Kent in his commentaries (vol. 3 [7th ed.], 92), where the law is stated to be that possession is *prima facie* evidence of property in negotiable paper, payable to bearer or indorsed in blank, and the bearer, though a mere agent of the original payee when the indorsement is in blank, may sue on it in his own name without showing title, unless circumstances appear creating suspicion, and this rule appears to be fully warranted by the authorities. (*Lovell* v. *Evertson*, 11 Johns., 52 ; *Mauran* v. *Lamb*, 7 Cow., 174 ; *Robinson* v. *Crandall*, 9 Wend., 425 ; *Patchen* v. *Wilson*, 4 Hill, 57 ; Parsons on Notes and Bills of Ex., 155 ; *Sanford* v. *McCreedy*, 28 Wis., 103 ; *Brooks* v. *Floyd*, 2 McCord,

364; *Bright* v. *Currie*, 5 Sandf., 433–437, 438.)   By the acquisition of the note in this manner the defendant became for all legal purposes its owner, and she could have transferred a good title to it to any other person receiving it from her (*Middlebrook* v. *Merchants' Bank*, 41 Barb., 481), and as she could sue upon it in her own name as her property, it would seem to follow that she could also rely upon it as a defense by way of set-off to the plaintiff's cause of action. But if the delivery of the note indorsed by the payee to her was not sufficient for that purpose, she did become the actual owner of it by the terms of the testator's will, for after the payment of his debts he gave and bequeathed the entire residue of his estate, both real and personal, of every name and nature, to her for her own use and benefit to be disposed of as she might desire or deem just. Under this provision of the will she acquired the absolute title to this note.   It was derived from that instrument, and it passed at once to her upon the death of her husband.  She derived title from this provision made in her favor, and not from the circumstance that letters testamentary were afterwards issued to her.   (Parsons on Notes and Bills [vol. 1], 160, 161, 162, 163.)   It seems to follow from these circumstances, and the authorities indicating their proper legal effect, that the note held by the defendant should have been allowed as a set-off in this action, and as that was not done the judgment in the case should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial order, costs to abide event.