THE TORONTO GENERAL TRUST COMPANY, AS TRUSTEE, APPELLANT, *v.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, RESPONDENT, IMPLEADED, ETC.

*Cause of action — where it arises — Code of Civil Procedure, section 1780, subdivision 3 — when the court has jurisdiction of an action between two foreign corporations.*

One Muirhead, as trustee under the will of G. H. Dunscomb, had caused 295 shares of the capital stock of the defendant, which came into his hands as trustee, to be transferred upon the books of the defendant at its transfer agency in the city of New York. The trustee died insolvent, whereupon the plaintiff, a foreign corporation, was appointed his successor in proceedings instituted for that purpose in the High Court of Chancery of the Province of Canada where the will had been proved. This action was brought to recover the said shares of stock, with the dividends that had been declared thereon, upon the ground that Muirhead had no power to cause such transfer to be made, and that the defendant and the transfer agent knew that he had no authority to make the transfer at the time of his making it.

*Held,* that although both the plaintiff and defendant were foreign corporations, the court had jurisdiction over the action, under subdivision 3 of section 1780 of the Code of Civil Procedure, as the cause thereof arose in this State.

*Hibernia National Bank* v. *La Combe* (84 N. Y., 367) followed.

APPEAL from an order made at a Special Term setting aside the service of a summons on a director of the defendant, a foreign corporation.

*F. K. Pendleton,* for the appellant.

*Elihu Root,* for the respondent.

DANIELS, J.:

The summons was regularly served upon one of the officers of the corporation, as that was authorized by section 432 of the Code of

Civil Procedure, and it could only be set aside in case the court had no jurisdiction over the subject matter of the action. The subject matter disclosed by the complaint as the cause of action was that the defendant through its transfer agency, the National Bank of Commerce in New York, had transferred on the books of the Company, and issued certificates therefor, certain shares of the capital stock of the appealing defendant, belonging to the estate of George Hoyles Dunscomb. By his will this stock had been bequeathed to Charles H. Muirhead as trustee to collect the income and pay the same to the widow of the testator, and after her decease to sell and dispose of the shares with other property of the testator, and pay the principal over to his child or children. Under the terms of this will it is alleged that the trustee became possessed of 295 shares of the capital stock of the defendant and that at his instance the transfers of them were made upon the books of the corporation through this local agency at the city of New York. That at the time of such transfer this defendant as well as the other defendant, the transfer agent, had notice of the terms of the will and the powers conferred by it upon the trustee, and that he was not authorized or empowered to sell or dispose of such securities while the wife of the testator was living. And that she was at that time living and that the transfer of these shares was wrongful. That the trustee nominated in the will afterwards died and by means of proceedings taken in the High Court of Chancery of the Province of Canada the plaintiff had been appointed the successor in and for the execution of the trust, and this action was brought by it to recover from the defendant the 295 shares of stock with the dividends thereon since their unlawful transfer and after a demand for that purpose made upon each of the defendants. The preceding trustee is stated to have died insolvent and for that reason, if the plaintiff shall be unable to maintain this action, the estate committed to the care of the trustee will lose the amount or value of the stock.

The plaintiff is a foreign corporation existing in and under the laws of the province of Ontario, and its right to maintain this action against the respondent defendant, which is also a corporation formed and existing under the laws of another State, depends upon the point whether the cause of action set forth in the complaint arose within this State. The plaintiff's title and right to rely upon

it as a ground of action was derived under the will executed and a decree made in the province of Ontario. But those facts in reality constitute no part of the cause of action. They simply created the title upon which the right to maintain it has been asserted. The cause of action itself consists of the facts which are alleged to have transpired in the city of New York between the trustees nominated in the will and the transfer agent of the respondent defendant. It was at this city that all these acts occurred, and that within the definition of the phrase "cause of action" which was approved in *Hibernia National Bank* v. *La Combe* (84 N. Y., 367, 384), constitutes the plaintiff's cause of action. By that definition, "the cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done." And the place where the cause of action arises is the place where such acts are done, or are omitted. In this case the acts alleged, by which the estate was deprived of this stock, upon which the claim for its recovery or reimbursement has been made, took place in the city of New York, and the cause of action disclosed by the complaint therefore arose here, and for that reason, within subdivision 3 of section 1780 of the Code of Civil Procedure, the plaintiff, although a foreign corporation, has the right to maintain an action upon it in this court. Neither *Cushman* v. *Jewelry Company* (76 N. Y., 365) nor *Pollock* v. *National Bank* (7 id., 274) is in any respect inconsistent with this construction of the allegations contained in the complaint. On the contrary, they are in entire harmony with the view that it should be held to have presented a cause of action arising within this State. As the summons was regularly served upon one of the officers of the respondent defendant, the court could not regularly set it aside because of the want of jurisdiction over the subject matter of the action. The order should be reversed and the motion denied, but under the circumstances, with costs to abide the event.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., DANIELS and HAIGHT, JJ.

Order reversed and motion denied, with ten dollars costs to abide event.