BARKER, P. J., and DWIGHT, J., concurred. BRADLEY, J., not voting.

---

### WELLER v. J. B. PACE TOBACCO CO. et al.

(Supreme Court, Special Term, New York County. September 9, 1888.)

1. RECEIVERS—TITLE TO PROPERTY—NON-RESIDENT RECEIVER—CORPORATIONS—STOCK.
  A receiver appointed by the court of another state, by an order directing a resident member of a firm owning stock to assign it to the receiver, and to make him an attorney in fact to transfer the stock to himself, as receiver, on the company's books, acquires the legal title to the stock by the assignment and power of attorney, regardless of his title as receiver; and a court of New York will assist him to effect such transfer.

2. ATTACHMENT—PROPERTY SUBJECT TO—SHARES OF STOCK.
  Code Civil Proc. N. Y. § 647, providing that shares·of stock may be levied on, is applicable only where the defendant has the legal title to the stock, and not to a case where defendant has, in another state of which he was a resident,' assigned the certificates, although no transfer has been made on the company's books.

Action to compel transfer of stock.

Charles L. Weller, receiver, etc., brought suit against the J. B. Pace Tobacco Company and others, to have transferred to him, as receiver, 273 shares of the capital stock of the defendant company. He was appointed receiver *pendente lite* by a court of California, and in the same order the stock in question was referred to. He also claims by virtue of the indorsement.of the stock certificates, made in California, to him, as receiver, under the order of the California court, and under a power of attorney executed by one of the California members of the firm of Esberg, Bachman & Co., in the name of that firm, also signed under the order of the California court, appointing him attorney in fact to transfer the stock on the company's books. The receiver's right is challenged by two attaching creditors of Esberg, Bachman & Co., in whose name the stock stood. The question was whether plaintiff had the right to take new certificates to himself as receiver, as against defendants, and take them to California.

*Reynolds & Harrison,* for plaintiff.    *Wetmore & Jenner,* for defendants.

O'BRIEN, J. Having delayed my decision awaiting a determination of the controversy herein by the California court, as was suggested by counsel upon the trial, I regard it as proper, in view of the large interests and important questions involved, to dispose of the case without waiting further. The questions of law are confined within a very narrow compass, presenting contentions as to whether the plaintiff has the legal title to the shares of stock; and, whether he has or has not title, did the firm of Esberg, Bachman & Co. have any interest therein which was attachable? Disregarding questions as to the regularity of the issuance of the attachments, the entry and docketing of the judgments, I do not see how any rights acquired by the defendant creditors can affect the right of the plaintiff to the relief here sought.. As against the Pace Tobacco Company, the plaintiff's title has been established by. the decisions upon the demurrer and upon the trial; and in reference thereto it is only necessary to adopt the views of the learned justices writing the opinions in those cases. The case of *Graydon* v. *Church,* 7 Mich. 36, while not an authority, is a very strong argument in favor of plaintiff's contention; and involving, as it does, substantially the same question here presented, is as conclusive as any adjudication of a sister state can be. As. therein stated, (it being a contest as to the title to real estate:) "So far as the rights of the plaintiff touching this property depend upon the power of the courts of New

York to operate directly upon the property, his rights could not be recognized in this state; and such must have been the result in this case, if the receiver's rights had been left to depend upon the decree or order of the court of chancery of New York, and no assignment had been made. ' * * * But here is an assignment in due form, * * * and in all respects in full compliance with our laws, and sufficient to pass real estate here. And should we even reject entirely all that appears on the face of the assignment touching the proceedings in the New York court, and the appointment of a receiver, still the assignment is sufficiently full and complete to transfer the property in the mortgage to the complainant; and such must be its effect, unless it can be held void, for a single reason, that, from the recitals and other parts of the instrument, it appears to have been made for the purpose of carrying into effect an order of the court of chancery of New York, appointing a receiver of the property and effects of the assignor. If it is to be treated as void for this reason, it must be on the ground that it was procured by wrongful duress or coercion, exercised by the court over the assignor. * * * It is to be hoped the time may never come when the courts of one of the states of the Union shall so far forget the comity due to a sister state as to treat the acts of parties done under the orders of its courts as void on any such grounds; especially when the order is made to operate upon a citizen or resident of the state, and clearly within the jurisdiction of the court making the order."

In this case Mr. Weller has all the *indicia* of title,—the certificates, with an assignment and power of attorney indorsed. As stated by the learned justice in his opinion in the suit against the Pace Tobacco Company, "the right to a transfer under these circumstances has been often adjudicated and cannot be questioned." *Railroad Co.* v. *Schuyler*, 34 N. Y. 30–80; *McNeil* v. *Bank*, 46 N. Y. 325; *Cushman* v. *Manufacturing Co.*, 76 N. Y. 365; Cook, Stocks, §§ 381, 410. In *McNeil* v. *Bank*, it is said that "it has been settled by repeated adjudications that, as between the parties, the delivery of the certificate, with the assignment and power indorsed, passes the entire title, legal and equitable, in the shares." The plaintiff's title does not depend or result, by virtue of his office of receiver, but by direct and personal assignment from the registered holders of certificates. The case of *Kelly* v. *Crapo*, 45 N. Y. 86, is authority for the position that a title acquired by mere operation of law has no effect beyond the limits of this state. But in that case the court declined to hold that a voluntary transfer of property, by a debtor out of this state, would not transfer the property within this state, notwithstanding an attachment of a domestic creditor. Upon the first question presented, therefore, I am of opinion that the delivery of the certificates, with assignment and power indorsed, gave to plaintiff the legal title to the certificates, even as against domestic attaching creditors. The contention made, however, by the defendant creditors, and presented in strong and able arguments, that, even were this so, still the firm had an attachable interest in the certificate, I regard as equally untenable; my conclusion resulting from the decision as to the legal title to the shares of stock.

The rule with reference to a strict chose in action is equally applicable to shares of stock for the purpose of determining whether or not an attachable interest exists. Section 647 of the Code providing that "the rights or shares which the defendant has in the stock of an association or corporation * * * may be levied upon," is to be confined to cases where the defendant has the legal title to the rights or shares, which can be reached. In *Anthony* v. *Wood*, 96 N. Y. 180, the court says: "As to the levy permitted to be made upon choses in action, the attachment reached and became a lien upon only such debts as at the time belonged to the debtor by a legal title, and for the recovery of which he could maintain an action at law; and, as a consequence, where, before levy of the attachment, he had parted with the legal title, even with intent to defraud his creditors, there remained in him for their benefit

only an equity which the attachment could not reach." Upon the law, therefore, applicable to the facts in this case the plaintiff is entitled to judgment directing a transfer of the shares of stock upon the books of the company. Judgment accordingly.