## SUPREME COURT.

### GEORGE, Survivor, &c. agt. McAvoy.

A *verification* is no part of a complaint. Therefore, a new complaint served, after answer, which was in all respects like the original, except that it was verified, *held*, to be no *amended* complaint—defendant might disregard it.

*Onondaga Special Term, December* 1851. The action in this case was commenced by service of summons and complaint not verified. The defendant put in his answer without oath. The plaintiff then served what purported to be an amended complaint, in precisely the words of the original complaint, with the addition of a verification. The defendant refused to receive it, and the plaintiff in due time took judgment against him for want of an answer. A motion is now made to set aside the judgment for irregularity.

GRAVES & WOOD, *for Plaintiff.*

LOOMIS & JONES, *for Defendant.*

PRATT, Justice.—The motion must be granted. The verification is no part of a complaint under the Code. In serving a new complaint with a verification attached, is no amendment of that pleading. The defendant's attorney, therefore, was not bound to receive it. At all events, as the allegations were not changed, it required no new answer.

Perhaps it might be well enough for the legislature to provide some way to enable the plaintiff, when he has reason to suspect the good faith of the defendant in putting in his answer, to require him to verify it, but I find no such provision now in the Code. As it now stands, if the plaintiff when he commences the suit chooses not to verify his complaint, he must take the risk of an answer, and if it be palpably untrue he can perhaps move to strike it out, or he may undoubtedly discontinue and commence a new suit. Motion granted with $10 costs.