## SUPREME COURT.

### EDWARDS agt. LENT and LENT.

An *answer* is insufficient, if it denies merely upon *information* an allegation, the truth or falsity of which is within the defendant's own knowledge.

It is also insufficient if it allege merely that the defendant has not sufficient *knowledge* on the subject to form a belief, without referring to his *information*.

It is only when he has neither *knowledge* nor *information* to enable him to form a belief on the subject, that he can controvert an allegation under this provision of the Code.

*Albany Special Term, September* 1852. *Motion to strike out part of the defendant's answer.* The complaint alleges that on the 19th of March 1852, the plaintiff leased to the defendants certain premises in the city of New York, for the term of ten years from the first day of May; that the defendants agreed to pay the extra insurance on the premises, if the rate should be higher by reason of the defendants using the premises for purposes different from that for which they were used at the time of the execution of the lease; and, if the plaintiff should pay such extra insurance, that they would refund the same on demand. The complaint further states that the defendants upon taking possession under their lease, converted a part of the dwelling house, which had before been used as a private boarding house and occupied by a family, into a refreshment saloon and billiard room, and rented the stable upon the premises for a public livery stable, whereby the rate of insurance was increased. The plaintiff further alleges that he was obliged to pay one hundred and eight dollars by reason of the increased rate of insurance; that before paying such insurance, he gave notice to the defendants that he would be obliged to pay the same on account of the change in the mode of occupying the premises, and the defendants then authorized him to effect such insurance upon the best terms he could. The plaintiff claimed judgment for the sum paid by him for such extra premium.

Those parts of the answer embraced in this motion are as follows: " As to whether the said premises previous to the entry

in and upon the possession of said premises, by the said defendants, had been used as a private boarding house and occupied by a family, as in said complaint alleged, they have not sufficient *knowledge* to form a belief; and they therefore controvert the said allegation in said complaint made." Another similar allegation in relation to the change in the mode of occupying the premises, and the allegation that the defendants had notice of the increased rate of insurance, and authorized the plaintiff to effect the insurance upon the best terms he could, were controverted in the same form.

     J. EDWARDS, *for Plaintiff*.

     O. D. SWAN, *for Defendants*.

HARRIS, Justice.—There are three forms in which a defendant may put in issue the allegations of the complaint. The *first* is, when the fact alleged is a matter within the personal knowledge of the defendant. The *second* is, when the matter alleged is not within the personal knowledge of the defendant, but relying upon his information, he either believes or does not believe the allegation to be true. The third is, when he has no such knowledge or information as will enable him to form a belief, whether the allegation is true or not. These forms of pleading may not be indiscriminately adopted. If the matter alleged is such as must, from its very nature, be within the defendant's own personal knowledge, he can not deny it upon *information* merely. If it be a matter in respect to which he has no personal knowledge, he must deny it upon his information, if he have such information as enables him to say he believes it to be untrue. When he is unable, either from his own knowledge or upon any information he has received, to say whether the allegation is true or not, he may say so, and this will be sufficient to put the allegation in issue. The answer will be insufficient, if it denies merely upon information an allegation, the truth or falsity of which is within the defendant's own knowledge. So also, it will be insufficient, if it allege merely that the defendant has not sufficient *knowledge* on the subject to form a belief, without referring to his *information*. It is only when he has neither *knowledge* nor *information* to enable him to form a belief on

the subject, that he can controvert an allegation under this provision of the Code.

Tested by these rules, those portions of the answer which the plaintiff moves to strike out, are obviously defective. Whether the plaintiff gave the defendants notice that the rate of insurance would be increased, and whether, upon receiving such notice, they gave the plaintiff the authority stated in the complaint, are matters which must be within the personal knowledge of the defendants. They were bound therefore, unless they would admit the allegations, to deny them positively. It was, to say the least, an evasion for the defendants to controvert these allegations by saying they had not sufficient knowledge to form a belief in respect to them.

But all three of the paragraphs to which the motion applies are defective for another reason. In each instance, the defendants state that they have not sufficient *knowledge* to form a belief, and therefore they controvert the allegation. The defendants only speak of their want of *knowledge*. Before they can be allowed thus to controvert an allegation, they must declare not only their want of knowledge, but their want of *information* also. It may well be that the defendants could not say they had no sufficient knowledge *or information* to enable them to form a belief whether the allegations they were answering were true or not. We have seen that it is only when there is an absence of such *knowledge* or *information* that this mode of answering is allowable.

The motion must be granted, with costs, but with liberty to the defendants to amend their answer within twenty days after service of a copy of the order upon this decision.