## MIDDLEBROOK v. MERCHANTS' BANK OF NEW YORK.

December, 1866.

Affirming 41 *Barb.* 481; S. C., 18 *Abb. Pr.* 109 : 27 *How. Pr.* 474.

A foreign executor can dispose of personal assets in this State ; and one to whom he assigns stock in a corporation of this State, may require a transfer thereof on the corporation's book.

Louis N. Middlebrook sued the Merchants' Bank of New York, to compel them to transfer to him shares of stock in the bank, standing in the name of Robert, his father, on their books. Robert died in Connecticut, resident there, and bequeathed a legacy to Louis N., payable in bank stock. The executors in Connecticut, where all parties resided, executed a transfer to Louis N. of one hundred shares of defendants' capital, in payment of this legacy. The articles of association of the bank required transfers to be signed by the shareholder, his attorney, or legal representative. The bank refused to allow the transfer to be made, by the executor, on their books, on the ground they were not obliged to recognize the title of a foreign executor ; but that letters must be taken out in this State. No creditors resided in this State.

*The supreme court* held that the will, or the foreign letters, or both, vested absolute title in all testator's personalty, wherever situate, in the executors ; and that the place where the assignment was made was immaterial ; and gave judgment for plaintiff. Reported in 14 *Abb. Pr.* 422, note, and 18 *Id.* 109. Defendants appealed.

*B. W. Bonney*, for defendant, appellant ;—Cited Campbell v. Tousey, 7 *Cow.* 64 ; Morrell v. Dickey, 1 *Johns. Ch.* 156 ; Chapman v. Fish, 6 *Hill*, 554 ; Isham v. Gibbons, 1 *Bradf.* 69 ; Petersen v. Chemical Bank, 32 *N. Y.* 21 ; Williams v. Storrs, 6 *Johns. Ch.* 353 ; Vroom v. Van Horne, 10 *Paige*, 549 ; Parsons v. Lyman, 20 *N. Y.* 103 ; Riley v. Riley, 3 *Day* (*Conn.*) 74 ; Vaughan v. Barrett, 5 *Vt.* 333 ; Lee v. Havens, *Brayt.* 93 ;

Thomas *v.* Cameron, 16 *Wend.* 579; Gleim *v.* Smith, 2 *Gill. & J.* 493; Stearns *v.* Burnham, 5 *Me.* 261; Thompson *v.* Wilson, 2 *N. H.* 291; Willing *v.* Perrot, 5 *Rawle,* 264; Pond *v.* Makepeace, 2 *Metc.* 114; *Story Confl. of L.* (Redfield ed.) § 513, &c., and 529 *a*–529 *m*, and notes; Kerr *v.* Moon, 9 *Wheat.* 565; Armstrong *v.* Lear, 12 *Wend.* 169; People *ex rel.* Hoyt *v.* Commissioners of Taxation, 23 *N. Y.* 224; 2 *R. S.* part 2, c. 6, p. 56, § 28; p. 61, § 29; *L.* 1830, p. 388, c. 320, § 16; *L.* 1863, p. 694, c. 403; 2 *R. S.* 71, § 16; Metcalf *v.* Clark, 41 *Barb.* 45; Lowry *v.* Commercial & Farmers' Bank of Baltimore, 3 *Am. L. Jour. N. S.* 111; *Bankers' Mag.* 1848, p. 201; Bayard *v.* Farmers' & Mechanics' Bank of Philadelphia, *Bankers' Mag.* for September, 1866, p. 162; Chew *v.* Bank of Baltimore, 14 *Md.* 299.

*E. Seeley,* for plaintiff, respondent;—Cited Babcock *v.* Booth, 2 *Hill,* 181; Valentine *v.* Jackson, 9 *Wend.* 302; Cole *v.* Miles, 17 *Eng. L. & Eq.* 582; Franklin *v.* Bank of England, 9 *B. & C.* 156; S. C., 17 *E. C. L. R.* 347; Parsons *v.* Lyman, 20 *N. Y.* 103; Harper *v.* Butler, 2 *Pet.* 239; *Toll. Exec.* 302; Petersen *v.* Chemical Bank, 32 *N. Y.* 21.

BY THE COURT.—PORTER, J.—By the law of the testator's domicil, his executors succeeded to the ownership of his personal property. Under an authority derived from him, and in the exercise of the *jus disponendi,* inherent in them as successors to his title, they transferred the stock to the plaintiff. He produced to the bank the appropriate evidence of his interest, and requested permission to enter the transfer in its books, on the surrender of the original certificate. His right as owner was perfect, and his demand was wrongfully refused. There was no occasion for taking out letters testamentary here, for the purpose either of passing title to the stock, or of satisfying the scruples of the defendants. The provision in the articles of association, that every transfer should be signed by the shareholder, his attorney, or legal representative, was not designed to interfere with the ordinary rules of succession applicable to personal property. Doolittle *v.* Lewis, 7 *Johns. Ch.* 45, 47; Parsons *v.* Lyman, 20 *N. Y.* 103, 117.

The cause was properly disposed of in the court below, and the decision, as there reported, was cited and approved by this court in the case of Petersen *v.* Chemical Bank, 32 *N. Y.* 21.

The judgment should be affirmed.

All the judges concurred, except LEONARD, J., absent.

Judgment affirmed, with costs.