Speir, J.
This is an appeal from a judgment entered upon the decision and findings before a judge in a trial without a jury.
The action is to recover from the defendant, as trustee, the amount of six promissory notes for five hundred dollars, each purporting to be made by the Lippeat Silver Plating and Engraving Company, and not paid at maturity. The plaintiff at the trial waived all claim on the note dated April 25, 1871, set out in the complaint.
The defendant’s indebtedness is claimed to have arisen out of his failure, as a trustee in said company, to have filed and published a report by the president and secretary of said company, as required by the twelfth section of the Act “ To Authorize Manufacturing,” &c., passed February 17, 1848.
The answer alleges that the defendant has not sufficient information on which to form a belief as to whether or not the Lippeat Silver Plating and Engrav- ■ ing Company ever made any of the notes mentioned in the complaint, and he therefore denies the same.
The Code requires “that the defendant has no knowledge or information,” &c. The word knowledge is omitted. And the plaintiffs claim that this is not a denial in the answer. The case of Edwards v. Lent, in 8 How. Pr. 28, decided by Mr. Justice Harris, disposes of this question. He says, the answer will be insufficient if it denies merely upon information, the truth or falsity of which is within the defendant’s own knowledge. But the answer admits that the several notes were duly endorsed by the company, and delivered by the corporation to one Clark, who, for value, and before maturity, endorsed the same to the plaintiffs. The contract of endorsement was not merely to transfer the paper, but it is a contract that the makers were competent to contract, and imports a guaranty by the endorser that the mak- . ers were competent to contract, in the character in which, *425 by the terms of the paper, they purported to contract (Erwin v. Downs, 15 N. Y. 576). And it is further held, that the endorser is not discharged though the name of the maker be forged (1 Comstock, 113). By this admission in the answer, that the corporation endorsed the note, the defendant is precluded from setting up the allegation in the answer that the defendant had denied the making of the notes.
Furthermore, the defendant said that he was a trustee of the corporation, and it is to be inferred by his position, that he must have known all that he did .know on the subject from knowledge acquired personally rather than from information.
The notes, as the case stands, constitute an indebtedness against the corporation, for which the defendant, as a trustee, became responsible. The judgment must, therefore, be affirmed with costs.
Freedman and Van Vorst, JJ., concurred.