## MARY A. McMATH vs. WILLIAM J. PARSONS.

### October 22, 1879.

Municipal Court—Verification of Complaint.—The want of a verification to a complaint, filed with the clerk of the municipal court of the city of St. Paul, for commencing an action therein under the provisions of Sp. Laws 1875, c. 2, § 11, (Gen. St. 1878, c. 64, § 90,) is not a jurisdictional defect for which the action will be dismissed, after summons issued thereon and duly served.

Plaintiff having brought this action in the municipal court of St. Paul, the defendant appeared specially and moved to dismiss the action, on the ground that no duly verified complaint had been filed with the clerk before the issuing of the summons, and that the court had no jurisdiction to issue a summons in the action. The motion was denied, the defendant excepting, who thereupon answered, (saving his exception to the jurisdiction,) and the action was tried, and judgment entered for plaintiff, from which the defendant appeals.

*James B. Beals,* for appellant.

*J. Peyton Boyle,* for respondent.

CORNELL, J.   The municipal court act for the city of St. Paul provides in terms that "no summons shall issue until the complaint in the action shall be made and filed with the clerk."   Sp. Laws 1875, *c.* 2, § 11, (Gen. St. 1878, *c.* 64, § 90.) It is also provided, in a subsequent portion of the same section, that each of the pleadings in any action in that court shall be verified, etc., as in courts of justices of the peace. The omission of "verified" before "complaint" in the provision above quoted is significant, unless the latter term, in its legal sense, includes a verification.   In the ordinary use of these legal terms, a verification forms no part of a complaint.   The latter is the first pleading in an action, containing a statement of a cause of action, with a demand for the appropriate relief to which the party may be entitled, while its verification is a separate and distinct proceeding, taken for the purpose of verifying the truth of the statements made in the pleading.   If radically defective, the complaint may be made the subject of a demurrer, but its verification never. *George* v. *McAvoy,* 6 How. Pr. 200; *Johnson* v. *Jones,* 2 Neb. 126.

In our opinion, the clause of the statute in question uses the word "complaint" in this its ordinary legal sense, and not to signify a verified pleading.   To give it the latter meaning would make the subsequent requirement as to its verification a somewhat superfluous provision.   If this view is correct, the want of any verification to a complaint, when filed, would not affect the jurisdiction of the court to issue a summons thereon. The defective verification complained of was not, therefore, good ground for dismissing the action, and the motion of defendant in that regard was properly overruled.   *Blanchard* v. *Bennett,* 1 Oregon, 328; *Bergesch* v. *Keevil,* 19 Mo. 127.

Judgment affirmed.