## FUSCO *v.* ADAM.

*(City Court of New York, Special Term.* August 20, 1890.)

1. PLEADING—AMENDMENT—DEMURRER AND ANSWER—CITY COURT.

In the city court of New York, a defendant who has demurred to the complaint may serve an answer as an amended pleading.[1]

2. SAME—DEFECTIVE VERIFICATION—CORRECTING.

The verification is not a part of the pleading itself; and where an amended answer is returned under Code Civil Proc. N. Y. § 528, which provides that the party on whom an insufficiently verified pleading is served "may treat it as a nullity, provided he gives notice, with due diligence, * * * that he elects to do so," the adverse party is entitled to a reasonable time within which to correct the verification, and section 542, prescribing the time within which an amended pleading may be served, does not apply.

Action by Guiseppe Fusco against Angelo Adam. Defendant moves to vacate a judgment entered against him for alleged failure to answer. Code ··Civil Proc. N. Y. § 528, is as follows: "The remedy for a defective verification of a pleading is to treat the same as an unverified pleading. Where the copy of a pleading is served without a copy of a sufficient verification, in a

---

[1] See note at end of case.

case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice, with due diligence, to the attorney of the adverse party, that he elects so to do."

*L. O. Van Doren,* for plaintiff. *George W. Gibbons,* for defendant.

GIEGERICH, J. This is a motion by the defendant to vacate the judgment entered against him herein on the 13th day of August, 1890, for alleged failure to answer. On the 11th day of August, 1890, the defendant served a demurrer to the complaint in this action, and on the same day the plaintiff served a notice of motion returnable on the 13th day of August, 1890, at 10 A. M., for judgment, on the ground that the demurrer was frivolous. On the day before that named for the argument of the said motion, the defendant served a notice of withdrawal of the demurrer, and at the same time served an "amended" answer, which was returned by the plaintiff on the following day, while the attorneys for the respective parties were in court, in pursuance of such notice of motion, for the following reasons indorsed thereon, viz.: "*First.* The said pleading is not served in time, defendant's time to plead having expired on August 11, 1890. *Second.* The demurrer hitherto served herein by defendant could not be amended by an answer. *Third.* The said demurrer herein, having been served, cannot be superseded by an alleged amended answer. *Fourth.* That the verification is defective because the defendant does not swear to the truth of the allegation ' of his own knowledge.'" And plaintiff also gave notice of his election to treat the answer in question as a nullity. The plaintiff, within less than one hour after the return of the amended answer, and without notice to the defendant, entered up judgment against him for alleged failure to answer. An inspection of the original amended answer, together with the affidavit of verification, shows that the deponent swears that the pleading is true "of his own knowledge." The copy first served, however, is defective, in that the words "of his own knowledge" are omitted therefrom. Judgment was entered by the plaintiff at 10:58 A. M., and, at about 11 o'clock in the forenoon of the same day, the defendant served a true copy of the amended answer, which covers the alleged defect complained of by the plaintiff, and which the latter returned on the ground that the defendant's time to answer had expired, and that he had entered judgment in default of the defendant pleading herein within the time and as prescribed by law. Shortly after the entry of the judgment, the defendant obtained an order to show cause why it should not be vacated, and this brings up for consideration the question of the regularity of practice on the part of plaintiff, whose arguments in support of the judgment may be summarized as follows: (1) That the defendant's time to plead expired on August 11, 1890; (2) that the demurrer cannot be amended by answer, and that it cannot be superseded by an amended answer; (3) that, the defendant having once exercised the right to amend his pleading, he had no longer a right to amend, and that, as the defendant's pleading was treated as a nullity, his first pleading having been withdrawn, the defendant had no pleading, and no time running within which to serve one without leave of court. These points will be considered in the order in which they have been raised.

As to the first point. It is conceded by the plaintiff that the demurrer was duly served on the 11th day of August last. The defendant therefore had six days thereafter within which to serve an amended pleading, and it follows that the amended answer was served within the time prescribed by law.

As to the second point. It is a well-settled rule of this court that a defendant who has demurred to a complaint may serve an answer as an amended pleading. *Frank* v. *Bush,* 2 Civil Proc. R. 250, 63 How. Pr. 282; *Betts* v. *Krindell,* 13 Civil Proc. R. 157. The service of an answer herein, made as it was within the time allowed by law, was proper, and it superseded the demurrer. There being no demurrer upon record at the time the motion to

strike it out came on for argument, the notice of motion upon it therefore went for naught. *Frank v. Bush, supra.*

As to the third point. The verification is no part of a pleading, (*George* v. *McAvoy,* 6 How. Pr. 200, 1 Code Rep., N. S., 318;) and as the alleged defect complained of relates solely to the verification of the pleading, and not to the pleading itself, the provisions of the Code of Civil Procedure, relative to amendments of pleadings, (section 542,) are clearly inapplicable, and we must look to the other provisions of the Code for aid in the determination of the questions presented. The plaintiff treated the amended answer as a nullity, pursuant to section 528 of the Code, the purpose of which, as is well said by INGALLS, J., in the case of *Snape* v. *Gilbert,* 13 Hun, 494, 496, is "to point out the particular defect or omission, so that the other party may understand wherein his papers are defective." Now, I fail to see why the notice accompanying the return of the pleading should set forth with so much particularity the defects complained of, unless it was intended to afford an opportunity to the other party to have the error rectified, or the omission supplied in time, and within a reasonable time after service of the notice to treat the pleading as a nullity; and, inasmuch as it is necessary under the rule to apprise the other party of the particular defect or omission, it may with propriety be inferred from the said provisions of the Code, (section 528,) as interpreted by the supreme court in the case just cited, that the party whose pleading is returned in conformity therewith has a reasonable opportunity, after the service of the notice and the return of the pleadings, to correct the error or supply the omission in time. The questions presented for my consideration are of an extremely technical character, and the precise questions involved on this, the third, point do not seem to have heretofore been presented before the courts of this state, and received solution, nor can I find any case which is at variance with the views above expressed in regard thereto. In the case at bar, the plaintiff entered judgment without notice to the defendant, and without affording him the slightest opportunity to have the clerical error corrected, and, under the circumstances, the judgment must be vacated, but without costs, and the plaintiff must accept the amended answer within two days after service of a copy of the order to be entered on this motion.

### NOTE.

AMENDMENT OF COURSE—DEMURRER AND ANSWER. In Cashman v. Reynolds, 25 N. E. Rep. 162, affirming 9 N. Y. Supp. 614, the court of appeals held that under Code Civil Proc. N. Y. § 542, which permits a pleading to be amended, as of course, within 20 days from the service thereof, an answer cannot be substituted for a demurrer, as this would not be an amendment, but an entire change of the defense, from one of law to one of fact. In this case, the decisions in Wise v. Gessner, 47 Hun, 306, and Smith v. Laird, 44 Hun, 530, were approved. The court further said that "when a party has made a mistake by serving a demurrer, when he should have served an answer, he can be relieved from the consequences of his mistake by an application to the court, and in that way permitted to substitute an answer for a demurrer, or *vice versa;* but such a change cannot be made a matter of right. The court may allow it to be done when satisfied that justice requires it, and upon such terms as it may consider just."