(27 Misc. Rep. 496.)

### PARDI v. CONDE.

(Supreme Court, Appellate Term. May 24, 1899.)

PLEADING—DENIAL ON INFORMATION—VERIFICATION BY ATTORNEY.

An answer denying on information and belief the allegations of the complaint as to matters necessarily within the knowledge of defendant is not sufficient because verified by his attorney, as authorized by Code Civ. Proc. § 525, subd. 3, where defendant is absent from the county.

Appeal from city court of New York, general term.

Action by John Pardi against Switz Conde. From an order of the special term of the city court striking out the answer as sham and frivolous, defendant appealed to the general term, which reversed the order (55 N. Y. Supp. 1004), and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Palmieri & Nock, for appellant.
Carter, Hughes & Dwight, for respondent.

FREEDMAN, P. J. This is an action for slander. The complaint contains certain words, stated to have been spoken of and concerning the plaintiff by the defendant, and alleged to be false, defamatory, and scandalous. The answer contains this allegation only: "The defendant, * * * for an answer to the complaint of the plaintiff herein, on information and belief denies each and every allegation in said complaint." The answer was verified by the defendant's attorney in the usual form, and contained the statement required by subdivision 3 of section 525 of the Code of Civil Procedure, to the effect that the defendant was not within the state, and also alleged the source of the information concerning the matters stated in the answer. A motion was thereupon made at a special term of the city court that the answer be stricken out as sham and frivolous, which motion was granted, with leave to defendant to serve an amended answer upon terms. Upon appeal therefrom to the general term of the city court the order made by the special term was reversed, and from the order of reversal this appeal is taken.

It is conceded by the attorney for the respondent that, had the answer been verified by the defendant in person, the objections made by the appellant to its sufficiency would have been well taken; but he claims that, the defendant having been absent from the county, and the verification having been made by his attorney, these facts are sufficient to take the case out of the well-settled rule that where the allegations set forth in a pleading must, from their very nature, be within the knowledge of the defendant, he cannot deny upon information merely. Edwards v. Lent, 8 How. Prac. 28. This position is untenable. The issues in an action are framed by the pleadings. The verification is no part of a pleading. George v. McAvoy, 6 How. Prac. 200; Fusco v. Adam (City Ct. N. Y.) 11 N. Y. Supp. 735. The answer is the pleading of the defendant, and although the attorney, under certain circumstances, provided for in section 525 of the Code, may verify the pleading of his client, that section cannot be so construed as to permit an answer to be considered as valid and sufficient which, if it had been verified by the party in person, would be imperfect and defective. In the case at bar the verification is sufficient, but the answer is insufficient; and the fact that the defendant is absent from the county, and that his attorney has verified it in due form of law, does not cure the defects in the pleading itself. The order of the general term must be reversed, and that of the special term affirmed, with costs to the appellant.

Order of the general term of the city court reversed, and order of the special term affirmed, with costs. All concur.