HOWE v. ELWELL.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

**1. FRIVOLOUS ANSWER—STRIKING OUT—PRESUMPTION ON APPEAL.**

Where an order struck out answer as sham, false, and frivolous, it will be presumed on appeal that it was stricken out as sham, since a frivolous answer cannot be stricken out.

**2. SAME—SHAM PLEADING—INFORMATION AND BELIEF—MOTION TO STRIKE.**

An answer cannot be stricken out, on motion of plaintiff, as a sham, because based on information and belief, since to be a sham it must be false, and the court cannot say it was untrue because defendant presumably had knowledge to deny absolutely.

Appeal from special term, Otsego county.

Action by Nettie E. Howe against Joseph E. Elwell. From a judgment striking out the answer as a sham and frivolous, defendant appeals. Reversed.

This is an action for slander. The first count of the complaint contains the usual allegations, charging that the defendant maliciously spoke concerning the plaintiff certain defamatory words therein specifically set forth. The second count is vague and general, and in substance alleges that the defendant at various times and places charged the plaintiff with unchastity. The answer, on information and belief, denied each and every allegation of the complaint, and was verified by the defendant's attorney. On motion made by the plaintiff on the pleadings, an order was made by the court striking out the answer as "sham, false, and frivolous." From this order the appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

A. R. Gibbs, for appellant.
John J. Johnson, for respondent.

EDWARDS, J. An answer cannot be stricken out as frivolous. If adjudged to be frivolous, judgment must be ordered thereon, and the pleading must remain in the record and become a part of the judgment roll. Strong v. Sproul, 53 N. Y. 497. The inference, therefore, is that the answer was stricken out as sham. Briggs v. Bergen, 23 N. Y. 162. The form of the general denial "upon information and belief" is good. Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669. And a general or specific denial, if pleaded in a form permitted by the Code, cannot be stricken out as sham, although shown by affidavits to be false. Wayland v. Tysen, 45 N. Y. 281; Thompson v. Railroad Co., Id. 468; Bank v. Leland, 50 N. Y. 673. The plaintiff's counsel contends that the denial is insufficient for the reason that the defendant must be presumed to have knowledge of the allegations of the complaint, and therefore must either admit or deny absolutely. If this proposition were correct, the denial could not be stricken out as sham. A sham answer is one that is false. The words "sham" and "false" are synonymous. Thompson v. Railroad Co., supra. And a motion to strike out a pleading as sham "calls for a determination whether the pleading be true or false." Wayland v. Thompson, supra. The court cannot say that a denial on information and belief is untrue because the party presumedly had sufficient knowledge to deny absolutely the allegation if it were not true. But I think that

this form of denial is permissible in cases where a party would naturally be presumed to have knowledge of the truth or falsity of an allegation. Such a presumption might be erroneous. A defendant may conscientiously doubt whether he has sufficient knowledge to deny absolutely, yet may be in possession of such information as will enable him truthfully to deny on information and belief; and, if he choose to adopt the latter form, it cannot be stricken out as sham. The following authorities support this view: Neuberger v. Webb, 24 Hun, 347; Humble v. McDonough, 5 Misc. Rep. 512, 25 N. Y. Supp. 965; Martin v. Preserving Co., 48 Hun, 81. The contention of the plaintiff is based on the authority of Pardi v. Conde, 27 Misc. Rep. 496, 58 N. Y. Supp. 410, which cites as authority Edwards v. Lent, 8 How. Prac. 28, the doctrine of which in respect to the power to strike out a denial as sham has been overruled by the later cases. The order appealed from should be reversed. All concur; SMITH, J., in result.

     Order reversed, with $10 costs and disbursements.