an unlawful meeting, and the assumed election of the defendant as presiding officer must fail.

The defendant seeks to support the legality of his election under the General Corporation Law (Consol. Laws, c. 23) because under the charter (§§ 1, 130) the common council is given the same general powers and authority as is given to a corporation under the general corporation laws of the state, and cases are cited holding that, where there are no regulations forbidding it, a call by a majority of the directors of a corporation served upon all of them is sufficient under the law for a legal meeting. There is no quarrel here over the correctness of that principle as applied to corporations other than municipal. But where, as here, the Legislature has provided in the charter of the municipality a method for selecting a presiding officer of the common council, the officers of the municipality should not have their acts sanctioned when they are directly contrary to such method, or when they nullify provisions made to guide their conduct with respect to the very matter about which they are assuming to act. The Legislature having provided the method, it must be followed to the exclusion of every other method. 26 Am. & Eng. Ency. of Law (2d Ed.) 529; 26 Cyc. 1122.

If this view is correct, the defendant has been illegally designated as presiding officer, and the injunction restraining him from acting should be continued.

The motion to vacate the injunction is therefore denied, with $10 costs.

Motion denied, with $10 costs.

---

(162 App. Div. 806)

POWERS v. UNIVERSAL FILM MFG. CO. et al. (No. 5930.)

(Supreme Court, Appellate Division, First Department. June 12, 1914.)

1. PLEADING (§ 34*)—CONSTRUCTION—LIBERALITY.

In determining whether a complaint states a cause of action, it should be liberally construed, and if any of the alleged facts justify recovery, the complaint should not be dismissed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

2. PLEADING (§ 72*)—COMPLAINT—SUFFICIENCY—RELIEF DEMANDED.

A complaint should not be dismissed because the plaintiff has therein asked for too much, too little, or the wrong relief.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. § 72.*]

3. CORPORATIONS (§ 133*)—ACTIONS TO COMPEL STOCK TRANSFER—SUFFICIENCY OF COMPLAINT.

A complaint, which alleged that the plaintiff had purchased certain common and preferred stock of the defendant corporation and given his notes in payment therefor, that the common stock had been transferred to him on the books of the corporation, but that the corporation had refused to transfer the preferred stock, although he presented to it the certificate with power of attorney from the former owner to make the transfer, and that it also refused to issue several certificates for smaller amounts of the common stock, in exchange for his single certificate, stated a cause of action against the corporation, although it also appeared that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

only one of the notes had been paid, and that the offer of plaintiff to pay the other notes had been refused by the bank at which they were payable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520; Dec. Dig. § 133.*]

4. CORPORATIONS (§ 133*)—LIABILITY OF OFFICERS—REFUSAL TO TRANSFER STOCK—SUFFICIENCY OF COMPLAINT.

An allegation that the president of the corporation controlled its management, and that he claimed the stock under an assignment from the former owner, does not render the complaint sufficient to state a cause of action against him individually.

[Ed. Note.—For other cases, see Corporations; Cent. Dig. §§ 513–520; Dec. Dig. § 133.*]

Appeal from Special Term, New York County.

Action by Patrick A. Powers against the Universal Film Manufacturing Company and another. From orders denying the plaintiff's motion for judgment on the pleadings, and granting the motion of each of the defendants for such judgment, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. Hatch, of New York City, for appellant.

Waldo G. Morse, of New York City, for respondent Universal Film Mfg. Co.

John B. Stanchfield, of New York City, for respondent Laemmle.

McLAUGHLIN, J. The defendants separately demurred to the complaint upon the grounds: (1) That it did not state facts sufficient to constitute a cause of action; (2) that causes of action had been improperly joined; and (3) defect of parties defendant. After the demurrers had been interposed, each party moved for judgment on the pleadings. The plaintiff's motion was denied, and each of the defendants' motions was granted, upon the ground that the complaint did not state a cause of action. The plaintiff appeals from each order.

[1] The complaint is by no means a model pleading, and it is somewhat difficult to ascertain from it just what cause of action the pleader attempted to set forth. In determining whether a cause of action is set forth, the complaint is to be liberally construed, and, if there are any facts alleged which justify a recovery, then it ought not to have been dismissed. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Abbey v. Wheeler, 170 N. Y. 122, 62 N. E. 1074.

[2] Nor should the plaintiff be turned out of court because he has asked for too much, too little, or the wrong relief. Murtha v. Curley, 90 N. Y. 372.

[3] Applying these rules to the facts pleaded, I think there is only one cause of action stated, and it is against the Universal Film Manufacturing Company. It is alleged that on the 5th of May, 1913, one Horsley was the owner of 1,250 shares of the preferred and 1,540 shares of the common stock of the Universal Film Manufacturing Company of the par value of $100 each; that on that day, for a valuable consideration, he gave to the plaintiff an option for a period of

30 days, with the right of certain renewals, to purchase the same for the sum of $167,400, $57,400, in cash at the time the option was exercised, and $110,000 by plaintiff's 24 promissory notes of equal amounts, payable monthly; that pending the exercise of the option by the plaintiff, Horsley deposited certificates representing said stock with the Bank of the Metropolis in the city of New York, to be held by it in escrow until the option was exercised and the payment made as stated; that on the 13th of June, 1913, the plaintiff exercised his option to purchase said stock by paying to the Bank of the Metropolis $57,400 in cash, and delivering to it his 24 promissory notes, payable to the order of Horsley for $4,583.33 each, aggregating the sum of $110,000; that on the same day the said 1,540 shares of common stock were duly transferred on the books of the Universal Film Manufacturing Company to the plaintiff and he now owns and holds a certificate therefor, which is transferable upon the books of the corporation upon the surrender by plaintiff, or his attorney, of the certificate; that on the 8th of July, 1913, the plaintiff presented the certificate for 1,250 shares of the preferred stock, with a written power of attorney executed by Horsley to transfer the same to him, and demanded that such transfer be made, which the corporation refused to do. It is also alleged that on the 22d of July, 1913, plaintiff again applied to the corporation and exhibited to it the certificates for 1,250 shares preferred, and 1,540 shares of common, together with proper instruments for their transfer, offered to surrender the same, and at the same time deliver to the corporation sufficient transfer stock tax stamps to make the transfer to the plaintiff, and demanded that a certificate be issued to him for the .1,250 shares preferred; also that it deliver to him 23 certificates for 64 shares each and 1 certificate for 68 shares, in place of the certificate representing the 1,540 shares of common; that the corporation and its officers refused to transfer the shares of stock, or any part thereof, or to make and deliver to the plaintiff the proper and usual certificates representing the same.

If these allegations of the complaint are true, then the plaintiff is the holder of a certificate representing 1,540 shares, and is legally entitled to have the corporation deliver to him certificates in the form requested. Bedford v. American Aluminum Co., 51 App. Div. 537, 64 N. Y. Supp. 856. He is also the holder of a certificate representing 1,250 shares preferred, which stand on the books of the corporation in the name of Horsley, and Horsley has executed a power of attorney directing the corporation to transfer the same to the plaintiff. The corporation having refused to make the transfer, the plaintiff is entitled to the aid of the court in compelling it to do so. Cushman v. Thayer Mfg. Jewelry Co., 76 N. Y. 365, 32 Am. Rep. 315; Rice v. Rockefeller, 134 N. Y. 174, 31 N. E. 907, 17 L. R. A. 237, 30 Am. St. Rep. 658; Middlebrook v. Mechanics' Bank, 41 Barb. 481, affirmed 3 Abb. Dec. 295; 10 Cyc. 605.

It is true there are allegations in the complaint to the effect that the plaintiff has paid to the bank only one of the notes delivered to it, and the bank has refused to accept payment of the others falling due, or to surrender the same, but this is a matter between the bank and Horsley.

The bank is not a party, and the plaintiff is not injured because the bank will not accept his money. The plaintiff has obtained possession of the certificates representing the stock which Horsley agreed to sell to him and the common has actually been transferred by the corporation to the plaintiff. All that he asks in regard to that is to have other certificates issued in place of the one which he now has, and to this he is entitled. As to the preferred, he is entitled to have the transfer made, having presented the certificate issued to Horsley, with a power of attorney authorizing such transfer to be made. The corporation cannot arbitrarily or capriciously refuse to make the transfer.

[4] It is also alleged that the defendant Laemmle is president of the corporation, controls its management and claims to own the same stock by virtue of an assignment from Horsley. The fact that this claim is made does not justify the corporation in refusing to make the transfer to plaintiff, or justify the plaintiff in making Laemmle a party defendant. Brown v. Abrogast & Bastian Co., 147 N. Y. Supp. 998, decided at the May term, not yet officially reported. It may be that the corporation, before making the transfer, would have the right to implead Laemmle for the purpose of having the court determine to which party the transfer should be made, but that question is not now before us. All that is necessary here to determine is that the facts set out in the complaint state a good cause of action against the corporation to compel it to transfer to the plaintiff the stock mentioned, and that a cause of action is not stated against Laemmle.

It follows, therefore, that so much of the order appealed from as denied plaintiff's motion for judgment against the Universal Film Manufacturing Company is reversed, with $10 costs and disbursements, and the motion to that extent granted, with $10 costs, with leave to the defendant corporation to withdraw the demurrer and to answer on the terms hereinafter stated; that the order appealed from, granting Laemmle's motion for judgment against the plaintiff, is affirmed, with $10 costs and disbursements, with leave to the plaintiff to serve an amended complaint on payment of such costs, and that the order appealed from, granting the Universal Film Manufacturing Company's motion for judgment against the plaintiff, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the corporation to withdraw its demurrer and answer, on payment of such costs. All concur.