HAROLD SPIELBERG, Plaintiff, *v.* CANADA STEAMSHIP LINES, LIMITED, et al., Defendants.

(Supreme Court, New York Special Term, January, 1917.)

Pleading — motion for judgment on the — allegations of complaint — actions — motions and orders — demurrer — Code Civ. Pro. § 547.

Where an answer denies the allegations of the complaint defendant, under section 547 of the Code of Civil Procedure and in advance of the trial, has the right to move for judgment on the pleadings on the ground that the complaint fails to state a cause of action against him.

A motion under section 547 of the Code of Civil Procedure for judgment on the pleadings is analogous to a motion at the opening of the trial or upon demurrer, and, in determining whether a cause of action is set forth, the complaint is to be

liberally construed and its material allegations must be deemed to be true.

Upon a motion under section 547 of the Code of Civil Procedure for judgment on the pleadings they only may be considered, and, as the verification is no part of a pleading, greater weight may not be given to a ⸹ified answer than to an unverified complaint.

MOTION by the defendant J. Edward · Carter for judgment on the pleadings.

Noble, Estabrook & McHarg (Parke L. Woodward, of counsel), for motion.

Frederic H. Cowden, opposed.

GIEGERICH, J. The complaint, in substance, alleges that the defendant Danehy stated and represented to the plaintiff that he was authorized by the defendant Canada Steamship Lines, Lim. (hereinafter designated as the steamship company), a foreign corporation, to sell certain vessels belonging to it at certain prices and that, in the event of a sale thereof, he was to receive six per cent to eight per cent as brokerage commission for procuring the sale; that the plaintiff and the said defendant Danehy thereupon entered into an agreement whereby it was agreed between them that if the plaintiff would procure a purchaser for the vessels or any of them for the sums specified the said defendant Danehy would divide the said commissions equally between them; that, in reliance upon such representations and with the knowledge of the defendant steamship company, the plaintiff procured a purchaser for one of said vessels upon terms and conditions satisfactory to the defendant steamship company by whom it was sold to such purchaser; that subsequently to such sale the defendant Danehy informed the plaintiff that

the defendant Carter was associated with the said defendant Danehy as a broker for the sale of the said vessel and that the said defendants Danehy and Carter had been authorized by the said steamship company to sell the said vessel and that the said defendant Carter was entitled to one-half of the commission of $25,000 due from the defendant steamship company upon the sale of the said vessel; that the said defendant Carter was not in any way instrumental in procuring the sale of the vessel; that he failed to perform his contract with the defendant steamship company and did not bring about the sale of the vessel, and that the existence of the defendant Carter and his agency in the matter were entirely unknown to the plaintiff and were concealed from the plaintiff by the defendant Danehy with the knowledge of the defendant Carter, who permitted the defendant Danehy to make the said representations and agreement and permitted the plaintiff to bring about the sale of the vessel by the defendant steamship company to the purchaser thereof and without acquainting him with the fact that the defendant Carter was authorized by the defendant steamship company to sell the vessel in conjunction with the defendant Danehy; that the plaintiff has demanded of the defendant steamship company the payment of one-half of the said commission of $25,000, which has refused to pay the same, alleging that it had no knowledge of either the plaintiff or of the defendant Danehy or of the defendant Carter, and that any commission due upon the sale of the vessel was due to one Clarence I. De Sola, a vessel broker of Montreal, Canada; that the defendant steamship company now claims that the defendants Danehy and Carter are entitled to the said commission of $25,000 and threatens to pay the same to them; that the defendants Danehy and Carter have no financial responsibility and are insolvent and, if

payment of the said commissions is made to them by the defendant steamship company, the plaintiff will be unable to recover from the said defendants Danehy and Carter the portion of the said commission to which the plaintiff is entitled; that the plaintiff will thereby sustain irreparable damage and that therefore and also because the said commission may be paid over to the said defendants Danehy and Carter by the defendant steamship company within the Dominion of Canada, and without the jurisdiction of the courts of this state, the plaintiff has no adequate remedy at law for the recovery of his portion of the said commission. The prayer of the complaint is for judgment against the defendant steamship company in the sum of $12,-500, with interest thereon from October 15, 1916; that the defendant steamship company be enjoined and restrained from paying over to the defendants Danehy and Carter, or either of them, the said commission of $25,000 or any part thereof; that the plaintiff have judgment that the defendant Carter is not entitled to any part of the said commission; that the plaintiff have judgment against the defendant Danehy in the sum of $12,500, as damages caused to the plaintiff by the false and fraudulent representations of the said defendant and for breach of his agreement to share the said commission with him; that the defendant steamship company be directed to pay over the said commission of $25,000, one-half to the plaintiff and one-half to the defendant Danehy; that the defendant Danehy be directed to pay over to the plaintiff one-half of any commission that he may have received from the defendant steamship company as commission upon the sale of the vessel, and that the plaintiff have such other and further relief as to the court may seem just and equitable in the premises, together with the costs and disbursements of the action against each of the

said defendants. The answer of the defendant Carter is in effect a denial of the foregoing allegations of the complaint, except the allegation that the defendant steamship company now claims that the defendants Danehy and Carter are entitled to the said commission of $25,000 and threatens to pay the same to them, which allegation is expressly admitted. After issue had been joined the defendant Carter moved under section 547 of the Code of Civil Procedure for judgment upon the pleadings. The plaintiff makes the point that section 547 of the Code of Civil Procedure does not authorize a defendant who has answered by denying the averments of the complaint to move for judgment on the pleadings on the ground that the allegations of the complaint are insufficient. The case of *Ship* v. *Fridenberg,* 65 Misc. Rep. 308, decided at Special Term, is cited in support of such contention, but that case was reversed on appeal (136 App. Div. 931). The precise point under consideration was decided adversely to the plaintiff's contention in *Schleissner* v. *Goldsticker,* 135 App. Div. 435. There the defendants, after serving an answer, moved for judgment on the pleadings, which was denied at Special Term on the ground that under section 547 of the Code of Civil Procedure the sufficiency of the complaint could not be tested. Upon appeal these views were held to be erroneous and that upon a motion under said section the sufficiency of the complaint, as well as the sufficiency of a defense, could be tested as upon a demurrer. The court in construing section 547 of the Code, among other things, said, at pages 436 and 437 : " The section permits a party to a litigation, after issue has been joined, and each has alleged by way of complaint or defense what he deems advisable, to test the right of either to judgment on the pleadings by motion, without waiting for the cause to be reached

upon the trial calendar, and we have held that such procedure is analogous to a motion at the opening of the trial. *Clark* v. *Levy,* 130 App. Div. 389. The court has established a practice on such motion analogous to that upon demurrer, and in a proper case has held that a ' party whose pleading has been found insufficient should be permitted upon proper terms to amend.' " The moving defendant urges that the complaint fails to state a cause of action against him. In determining whether a cause of action is set forth the complaint is to be liberally construed (*Powers* v. *Universal Film Mfg. Co.,* 162 App. Div. 806; *Sultan of Turkey* v. *Tiryakian,* 213 N. Y. 429), and applying such rule of construction to the complaint, the material allegations of which must be deemed to be true on a motion of this character (*Clark* v. *Levy,* 130 App. Div. 389; *Seely* v. *Seely,* 164 id. 650), the plaintiff is clearly entitled to some relief. Such being the case the complaint should not be dismissed (*Abbey* v. *Wheeler,* 170 N. Y. 122; *Powers* v. *Universal Film Mfg. Co., supra; Hunt* v. *Armstrong,* 166 App. Div. 311), even though the plaintiff has asked for too much, too little or the wrong relief. *Powers* v. *Universal Film Mfg. Co., supra.* The moving defendant maintains, furthermore, that because his answer is verified and the plaintiff's complaint is not, greater weight should be given to his pleading, but as nothing but the pleadings can be considered upon a motion for judgment on the pleadings, and as the verification is no part of a pleading (*George* v. *McEvoy,* 6 How. Pr. 200; *Fusco* v. *Adams,* 11 N. Y. Supp. 735; *Williams* v. *Empire Woolen Co.,* 7 App. Div. 345; *Pardi* v. *Conde,* 27 Misc. Rep. 496), the position so contended for is untenable. The motion should therefore be denied, with ten dollars costs.

Motion denied, with ten dollars costs.